IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARRYL KINNEY,

        Plaintiff,

        vs.                       Case No. 11-4176-JTM

UNITED STATES ATTORNEY GENERAL ERIC J.
HOLDER, ET AL.,

        Defendants.

MEMORANDUM AND ORDER

This matter comes to the court on the Motions to Dismiss filed by the federal and state defendants. *See* Dkt. Nos. 22 and 24. Darryl Kinney makes several claims against all defendants alleging both civil and criminal wrongdoing. Defendants have moved for dismissal on several grounds, primarily, that Mr. Kinney has failed to state a claim upon which relief may be granted. For the following reasons, the court grants the motions and dismisses all claims against the defendants.

**I. Factual Background**

Mr. Kinney filed the present suit on November 29, 2011, against the following defendants: United States Attorney General Eric J. Holder; Secretary of Defense Leon Panetta; FBI Director Robert S. Mueller III; United States Attorney for the District of Kansas Barry R. Grissom; FBI Agents Michael Miller, Gary Smith, and Scott Matthewson; United States Marshal Thomas Shell; and Topeka Police Detective Janene Falley. Initially, Ms. Falley moved to dismiss the Original

Complaint and Mr. Kinney sought leave to file an amended complaint. The court granted Mr. Kinney's motion and gave him until January 17, 2011, to file an amended complaint. Mr. Kinney filed his Amended Complaint (Dkt. No. 19) on January 26. The federal and state defendants have now moved to dismiss all claims in the Amended Complaint.

In the Amended Complaint, Mr. Kinney and his minor child J.K. (added as a plaintiff) allege many vague and disjointed complaints against the defendants. First, he contends that the case "started as a civil case is now also criminal" and is based on lost wages, emotional anguish and distress, caused by the defendants for violating his civil rights and for child endangerment. He seeks $900,000 against all defendants. The claims Mr. Kinney asserts are: (1) mental anguish and distress; (2) employment retaliation and discrimination; (3) stalking and harassment; (4) illegal court interference; (5) invasion of privacy; (6) conspiracy; (7) defamation of character; and (8) illegal military stalking.

The defendants argue primarily that the claims must be dismissed for failure to state a claim upon which relief may be granted. They also argue the case must be dismissed for lack of subject matter jurisdiction, because the Amended Complaint was filed out of time, and because Mr. Kinney improperly added his minor child as a plaintiff.

## II. Preliminary Matters

### A. Individual or Official Capacity

First, this court must determine whether Mr. Kinney has sued the defendants in their individual or official capacities. When "the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the

proceedings in order to determine whether the suit is for individual or official liability." *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993). Here, it appears Mr. Kinney is suing the defendants in their official capacities. The caption describes each defendant by name and official title. And the claims against the defendants, to the extent they are understandable, allege official wrongdoing by each defendant. Nevertheless, construing the Amended Complaint as liberally as possible, this court will analyze Mr. Kinney's case as though he plead both individual and official capacity claims against the defendants.

### B. Timing of Amended Complaint

Defendant Falley first argues that this court should dismiss the claims in the Amended Complaint because it was untimely filed. As stated in the facts, this court previously granted Mr. Kinney until January 17, 2012, to file an amended complaint yet he did not file the Amended Complaint until January 26. Local Rule 15.1(b) requires that a plaintiff must file an amended complaint within 14 days after leave is granted, or at the date the court directs. Mr. Kinney filed his Amended Complaint nine days late. Although well within its discretion, this court will not dismiss Mr. Kinney's Amended Complaint because it was filed late. The late filing did not prejudice the defendants, and, as stated below, the case must be dismissed under 12(b)(6).

### C. Adding Minor Child

Mr. Kinney has attempted to add his minor child, J.K., in the Amended Complaint as a plaintiff. But the Tenth Circuit has held that a pro se litigant may not represent a minor child. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding "a minor child cannot bring suit

through a parent acting as next friend if the parent is not represented by an attorney") (citing FED.
R. CIV. P. 17(c) and 28 U.S.C. § 1654). Therefore, Mr. Kinney may not add his minor child as a
plaintiff.

### III. Legal Conclusions

#### A. 12(b)(6) Failure to State a Claim

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement
of the claim showing that the pleader is entitled to relief." The complaint must give the defendant
adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v.
Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of
the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims.
*Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . .
. . Under this standard, a complaint must include 'enough facts to state a claim to relief that is
plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir.
2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial
plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the
specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume
that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The issue in resolving
a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant

is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

The court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and are undisputed. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court may also consider facts subject to judicial notice without converting the motion into one for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Further, because plaintiff is proceeding pro se, this court construes his arguments liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*B. Mr. Kinney Has Failed to State a Claim Upon Which Relief May Be Granted*

The defendants' main argument is that Mr. Kinney has failed to state a claim upon which relief may be granted. Liberally construed, Mr. Kinney's Amended Complaint barely alleges a claim to relief that is understandable much less plausible. First, it is impossible to determine which

defendants is alleged to have engaged in what wrongdoing because Mr. Kinney does not identify the defendants by name in the Amended Complaint. Rather, Mr. Kinney generally alleges that defendants had him fired, stalked him "from state to state," rerouted his email and phone communications, disrupted court proceedings, and harassed his child, among other things. Yet he offers no factual connection between the wrongdoing and the specific defendants. Clearly these allegations fail to give the defendants adequate notice of the claims against them. Further, the allegations do not contain any indicia of factual support showing Mr. Kinney's claims are plausible on their face. The court cannot provide facts not included in the Amended Complaint, and it cannot create a plausible legal theory for a plaintiff. In total, Mr. Kinney's Amended Complaint is little more than six pages of non sequiturs strung together by numbered paragraphs. As such, this case must be dismissed for failure to state a claim upon which relief may be granted.[1]

IT IS ACCORDINGLY ORDERED this 4th day of April 2012, that the defendants' Motions to Dismiss (Dkt. Nos. 22 and 24) are granted. All claims against the defendants are dismissed.

IT IS FURTHER ORDERED that Mr. Kinney's Motions for Default Judgment (Dkt. Nos. 16 and 26) are denied.

IT IS FURTHER ORDERED that defendant Falley's original Motion to Dismiss (Dkt. No. 10) is denied as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[1]The defendants also raise several well-founded arguments regarding subject matter jurisdiction. Because the court has dismissed the case for failure to state a claim, it need not analyze the subject matter jurisdiction arguments.