IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARRYL KINNEY,

      Plaintiff,

vs.                      Case No. 11-4176-JTM

UNITED STATES ATTORNEY GENERAL ERIC J.
HOLDER, ET AL.,

      Defendants.

MEMORANDUM AND ORDER

Mr. Kinney's Motion to Reconsider Complaint and Case (Dkt. No. 34) is before the court. On April 4, 2012, this court dismissed all claims against the defendants for several reasons, "primarily, that Mr. Kinney has failed to state a claim upon which relief may be granted." Dkt. No. 32, pg. 1. Mr. Kinney's current motion consists of the following argument:

> Now comes the Plaintiff, who request reconsideration of the case based on the Approval of the Complaint by the Judge on January 9, 2012, and then later dismissing what he approved would mean that the Judge either did not pay attention to his granting the copy put before the court or something else in action leading to the less favorable decision to go against the Judges initial accesment [sic] which would leave the Plaintiff at the mercy of a wrong Judicial decision on the granting of the Amended complaint on January 9, 2012 which would mean in other words the Judges decision would be wrong based on prior approval on the same issue.

Dkt. No. 34.

A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence. Such a motion is appropriate only if the moving party establishes: (1) an

intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also* D. KAN. R. 7.3(b)(1)-(3). A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* It is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Here, Mr. Kinney's only ground for reconsideration appears to be that the decision allowing him leave to amend on January 9, 2012, (Dkt. No. 15) and the decision dismissing his claims (Dkt. No. 32) are inconsistent and are simply "wrong." First, the two decisions issued by this court are not contradictory or inconsistent. More importantly, such an argument does not fall into any of the three categories required for a successful reconsideration motion. Therefore, Mr. Kinney's motion is denied.

IT IS ACCORDINGLY ORDERED this 23rd day of May 2012, that Mr. Kinney's Motion to Reconsider Complaint and Case (Dkt. No. 34) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE